The **RICHLAND TRUST COMPANY,**
Plaintiff-Appellant,

v.

**FEDERAL INSURANCE COMPANY,**
Defendant-Appellee.

No. 73-1021.

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1973.

Decided July 12, 1973.

Rees Davis, Mansfield, Ohio, for plaintiff-appellant; Robert L. Ross, Ross, Davis & Baran, Mansfield, Ohio, on brief.

John L. Miller, Columbus, Ohio, for defendant-appellee; J. Paul McNamara, McNamara & McNamara, Columbus, Ohio, on brief.

Before CELEBREZZE and McCREE, Circuit Judges, and MOYNAHAN,* District Judge.

PER CURIAM.

Appellant brought this action to recover on a banker's blanket bond it had secured from appellee insurance company to protect it from a loss by reason of having given value upon "any securities, documents or other written instruments which prove to have been counterfeited or forged as to the signature of any maker . . . . " Appellant had extended several loans over a three-year period to a road contractor and the corporations he controlled, but the contractor ultimately became insolvent and the bank was forced to write off the loans. When the bank discovered that the loan applications had been based in part on false financial statements submitted to it by the contractor, it demanded payment from appellee under the above-quoted bond provision. Appellee, contending that false financial statements were not "counterfeited or forged as to the signature of any maker," declined liability, and this lawsuit resulted.

The district court on November 7, 1972, filed a "Memorandum and Order" granting summary judgment for appellee on the ground that the law of Ohio, which governed the case, required that the word "counterfeit" in a banker's

---

* The Honorable Bernard T. Moynahan, Jr., Chief Judge, United States District Court

for the Eastern District of Kentucky, sitting by designation.

blanket bond be construed to refer to an imitation of a genuine document that was intended to be taken for the original, and that the word "counterfeit" was modified by the phrase "as to the signature of any maker." *See* Union Banking Company v. United States Fidelity & Guaranty Company, 4 Ohio App.2d 397, 213 N.E.2d 191 (1965). The opinion of the district court concluded:

> Granting that in this case the financial statements submitted to plaintiff contained false representations of fact, they were genuine as to form and not imitations or simulations of genuine documents. It follows, therefore, that under the law controlling upon this Court such documents cannot be held as counterfeit within the terms of the bond. Summary judgment will be entered in defendant's favor dismissing plaintiff's complaint.

IT IS SO ORDERED.

■ However, no separate judgment was thereafter entered by the clerk of the court as directed by the last sentence of the court's opinion. Appellant filed its notice of appeal from the "final order of the District Court" of November 7, 1972, granting summary judgment for the defendant. The appeal was docketed in this court, briefs were filed, and oral argument was heard. Upon consideration, we have concluded that we must dismiss the appeal for lack of jurisdiction because the judgment was not set forth on a separate document.

■ Fed.R.Civ.P. 58 provides, in pertinent part:

> Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

. . .

The decision appealed from was a decision denying all relief within the meaning of clause (1) of the rule, and the requirement of the rule that the judgment be set forth on a separate document applies to clause (1) as well as to clause (2). United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (April 16, 1973). As the Court observed in *Indrelunas,* the present version of Rule 58 was adopted in 1963 to eliminate uncertainty "over what actions of the District Court would constitute an entry of judgment," 411 U.S. at 220, 93 S.Ct. at 1564, an uncertainty often resulting from the preparation of an opinion or memorandum containing language apparently dispositive, the filing of which was viewed by some court clerks as the entry of final judgment. *See* United States v. F & M Schaefer Brewing Company, 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958); Notes of Advisory Committee on Federal Rules of Civil Procedure, Fed.R.Civ.P. 58, 28 U.S.C. (1970). As the Advisory Committee observed, "[t]he amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment." The 1963 amendment was a " 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." United States v. Indrelunas, *supra,* 411 U.S. at 222, 93 S.Ct. at 1565.

■ Our jurisdiction was invoked under 28 U.S.C. § 1291 (1970), which requires that a "final decision" have been rendered in the district court. Since no separate "judgment" has been entered in the district court in this case, and since

"judgment," as used in Rule 58 is the order from which an appeal lies, Fed.R. Civ.P. 54(a), no "final decision" under 28 U.S.C. § 1291 has been rendered. Accordingly, we lack jurisdiction to entertain this appeal.

Upon the entry of a separate judgment by the district court and the docketing of an appeal in this court, we will hear and determine the appeal on the briefs and argument heretofore submitted by parties, although the parties may elect to file supplemental memoranda or to re-argue the cause.

Appeal dismissed.