The **STATE NATIONAL BANK OF EL PASO, Trustee for Lee Moor Children's Home, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant (two cases).**

**Nos. 73-2106, 73-3751.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1974.

Rehearing and Rehearing En Banc Denied Feb. 27, 1974.

Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown, Acting Chief, App. Sec., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Act. Chief Counsel, IRS, Fred A. Luyties, Michael L. Paup, Attys., Tax Div., Dept. of Justice, Washington, D. C., William W. Guild, Tax Div., Dept. of Justice, Dallas, Tex., Eugene G. Sayre, Atty., Tax Div., Dept. of Justice, Washington, D. C., Wm. S. Sessions, U. S. Atty., San Antonio, Tex., for defendant-appellant.

Robert B. Zaboroski, El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and INGRAHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Lee Moor Children's Home ("taxpayer") is a charitable trust, and the State National Bank of El Paso acts as its trustee. Taxpayer owns a large farm run by one Calhoun. The merits of this suit involve the question whether taxpayer's income from the farm is taxable unrelated business income or tax exempt rent. The Government has brought this case to us in a gnarled procedural posture, however, and we are unable to reach the merits. We must remand for entry of a judgment.

## I.

This case comprises two separate Government appeals that we have consolidated. The first appeal[1] challenges the lower court's decision on the merits, which was rendered in the form of a document entitled "opinion and judgment" and dated September 20, 1972. The Government's first step toward appeal was an October 4 motion entitled "defendant's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial." The district judge denied this motion on February 7, 1973, and the Government filed its notice of appeal on April 5, 1973.

At that point the Government's appeal contained a possibly fatal imperfection. The October 4 motion arguably had been filed too late,[2] four days beyond the ten

---

1. No. 73–2106.

2. Rule 4, Federal Rules of Appellate Procedure, gives an appellant sixty days after judgment to file his notice of appeal. It is obviously more than sixty days from September 20, 1972, to April 5, 1973. The sixty-day deadline is terminated by filing a *timely* motion for new trial or judgment n. o. v. But Rule 50(b) of the Federal Rules of Civil Procedure requires one to move for judgment n. o. v. within ten days after judgment; here appellant's motion was filed October 4, fourteen days after the trial court's "opinion and judgment." Rule 59(b) is worded differently, requiring one to "serve" his motion for new

allowed by Rules 50(b) and 59(b) of the Federal Rules of Civil Procedure. To protect itself from this flaw the Government attacked the validity of the September 20 judgment, which had triggered the ten-day deadline.

The Government's attack came in a motion to enter judgment which requested the district court to enter judgment on a separate document. Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The trial judge had tacked his judgment on at the end of a memorandum opinion instead of placing it on an entirely separate piece of paper. The Government made its motion to enter judgment on June 15, 1973, and the district court rejected it in an order dated July 5. This order is the subject of the Government's second appeal,[3] which the bank urges us to dismiss on the theory that the order is not appealable. We have carried with the case the bank's motion to dismiss.

Awaiting our decision, then, we have an appeal from a decision on the merits, an appeal from the order refusing to enter a judgment on a separate document, and a motion to dismiss the latter appeal. We shall discuss them in that order.

## II.

In considering the first appeal, initially we must consider whether the September 20 decision satisfies Rule 58's "separate document" requirement. The pertinent part of Rule 58 provides:

Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

Fed.Rules Civ.Proc. rule 58, 28 U.S.C.A. The bank argues logically that the judgment in this case was contained in a separate document, a document entitled "opinion and judgment." In support of its position the bank cites Steccone v. Morse-Starrett Products Co., 9th Cir. 1951, 191 F.2d 197, in which the court held that a "memorandum opinion" similar to the document in the case at bar was a judgment that satisfied Rule 58.

The bank's argument fails to recognize that the "separate document" requirement was added to Rule 58 in a 1963 amendment[4] as a ". . . 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." United States v. Indrelunas, 1973, 411 U.S. 216, 93 S.Ct. 1562, 1565,[5] 36 L.Ed.2d 202.

■■ We have every reason to believe that a mechanical application of Rule 58 requires district judges to enter their judgments in one document and opinions in another. In its note following the proposed (1963) amendment to Rule 58 the Advisory Committee on Civil Rules described problems caused by parties' inability to tell that a judgment has been entered and assessed the amendment's contribution.

---

trial within ten days of judgment. The Government argues that its motion was indeed served upon the bank within ten days, and that should suffice. We need not treat this argument because we have concluded that the September 20 decision is not a valid judgment.

3. No. 73–3751.

4. After oral argument appellee bank submitted two post-1963 cases to support its view that Rule 58, even as amended, is satisfied by a judgment contained in a memorandum opinion. The cases are Home Federal Savings and Loan Association v. Republic Insurance Co., 7th

Cir. 1968, 405 F.2d 18, and Hamilton v. Nakai, 9th Cir. 1972, 453 F.2d 152. We fail to see that these cases lend the slightest support to the bank's argument.

5. *Indrelunas* admittedly is distinguishable from this case. There the only "judgment" was the clerk's civil docket entry, and in the instant case we have an "opinion and judgment" signed by the district judge. Nevertheless we find it significant that the Court commanded a mechanical application of the "separate document" requirement to avoid uncertainty, and we believe our holding comports with the spirit of *Indrelunas*.

The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—*distinct from any opinion or memorandum*—which provides the basis for the entry of judgment. (Emphasis supplied.)

Judicial Conference of the United States, Report of Proposed Amendments to Certain Rules of Civil Procedure for the United States District Courts, 31 F.R.D. 621, 650 (1962). Likewise Professor Moore interprets "separate document" to mean "separate from an opinion or memorandum of the court." 6A Moore's Federal Practice ¶ 58.01 [1.—2] at 58–14. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure § 2785 at 14. *Cf.* Pure Oil Co. v. Boyne, 5th Cir. 1966, 370 F.2d 121. In light of the Supreme Court's guidance and these respected authorities' advice we feel constrained to hold that Rule 58 requires a judgment separate and apart from an accompanying opinion. In the instant case, therefore, no judgment has been entered on the merits. And the court did not enter an appealable order when it denied the Government's motion asking for a new trial or judgment n. o. v. 5A Moore's Federal Practice ¶ 50.16 at 2387; 11 C. Wright and A. Miller, Federal Practice and Procedure § 2818 at 116; 6A Moore's Federal Practice ¶ 59.15 at 59–267. *See* Thibaut v. Car and General Ins. Corp., 5th Cir. 1950, 181 F.2d 494. Therefore we must dismiss the Government's first appeal for lack of an appealable order.

### III.

In the Government's second appeal, which challenges the district court's order refusing to enter judgment on a separate document, the issue is whether that order is appealable. Two courts have faced this issue before, only to reach different results.

The Ninth Circuit believes that an order denying a motion to enter judgment is not appealable because it does not finally dispose of an entire controversy. Steccone v. Morse-Starrett Products Co., 9th Cir. 1951, 191 F.2d 197. In its view if one desires a recalcitrant judge to enter an order with that dispositive effect, his remedy is mandamus.

We prefer the First Circuit's view, which says that an order refusing to enter judgment is appealable. In re Forstner Chain Corp., 1st Cir. 1949, 177 F.2d 572. There the court reasoned that such an order is a "final decision" and not interlocutory because the district judge *regards* it as final. He believes he has already entered a valid judgment; he intends to have nothing further to do with the case. It is true that he must perform another act (entry of judgment) if the appellate court remands the case, but the same is true whenever a district court is reversed on appeal.

### IV.

By way of review, we have found that the trial court has yet to enter a judgment on the merits, so we must dismiss the Government's appeal from the decision entered September 20, 1972. In regard to the second appeal, the trial court's refusal to enter a judgment is an appealable order properly before this court for review. We have concluded it was error to refuse to enter judgment on a document separate from the opinion. Consequently we remand this case with directions to enter judgment on a separate document. The bank's motion to dismiss the second appeal is denied. Costs will be taxed to the Government.

Remanded with directions.