Leroy **BAITY**, Petitioner-Appellant,

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent-Appellee.**

No. 74–1720.

United States Court of Appeals,
Eighth Circuit.

Dec. 13, 1974.

---

Leroy Baity, pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, Chief Judge, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Petitioner Leroy Baity appeals a dismissal of his petition for habeas corpus which was entered by the United States District Court for the Western District of Missouri by means of two separate orders dated April 4, 1974 and June 20, 1974. No judgment of dismissal has ever been entered on a separate document. We have concluded that we must dismiss the appeal for lack of jurisdiction.

Federal Rule of Civil Procedure 58 [1] provides:

> * * * Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided by Rule 79(a). * * *

This requirement is not met by a provision within a court's memorandum opinion and order to the effect that judgment be entered. See 6A Moore, Federal Practice § 58.02; 11 Wright & Miller, Federal Practice and Procedure § 2785 at 14. Thus, although the judge captioned each of his two written opinions as an "Order * * * And Final Judgment," the separate document requirement of the rule was not met.

The lack of a separate entry of judgment is not a mere technical defect which can be overlooked by this Court, but rises to jurisdictional status. Although some courts have indicated that failure to enter judgment may be a mere technical error if the judge "intended" judgment to be entered, see e. g. Superior Life Insurance Co. v. United States, 462 F.2d 945 (4th Cir. 1972); United States v. Evans, 365 F.2d 95 (10th Cir. 1966), the Supreme Court has subsequently declared that the separate document provision of Rule 58 "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." United States v. Indrelunas, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (per curiam). The defect is a jurisdictional one, because the jurisdictional basis of this appeal, 28 U.S.C. § 1291, provides that a "final decision" must have been rendered in the District Court. No final decision has been rendered within the meaning of that jurisdictional statute until a separate judgment has been entered.[2] See Richland Trust Co. v. Federal Insurance Co., 480 F.2d 1212, 1213–1214 (6th Cir. 1973) (per curiam). Therefore, we lack jurisdiction to entertain this appeal.

Upon the entry of a separate judgment by the District Court and the docketing of an appeal in this Court, we will hear and determine the matter.

Appeal dismissed.

1. We have determined that the civil rules apply to this habeas action insofar as the form and entry of judgment are concerned. Federal Rule of Civil Procedure 81(a)(2) provides that the civil rules are applicable to habeas corpus proceedings, "to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." We see nothing in the limiting language of that clause to preclude application of civil rule 58 here. Certainly the criminal rules offer no guidance, as they speak only of the entry of judgments of conviction or acquittal. See Federal Rule of Criminal Procedure 32(b).

2. In the case before us, the reason for this rule is manifest, for the appeal is untimely if measured by the April 4 order, but is timely if measured by the June 20 order. The entry of judgment serves as a clear date upon which to commence tolling of the time for appeal.