Joseph **TAYLOR** et al.,
**Plaintiffs-Appellees,**

v.

W. L. **STERRETT** et al.,
**Defendants-Appellants.**

No. 74–3507.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1976.

---

Earl Luna, Thomas V. Murto, III, John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants-appellants.

Robert L. Byrd, Tarrant County Legal Aid, Ft. Worth, Tex., John F. Jordan, Dallas, Tex., Stanley A. Bass, New York City, Sylvia M. Demarest, Dallas, Tex., for plaintiffs-appellees.

Before WISDOM, GEWIN, and AINSWORTH, Circuit Judges.

PER CURIAM:

This is an abortive appeal from a district court order of August 19, 1974. The original judgment in this litigation was entered on June 5, 1972, and required the defendants, officials of Dallas County responsible for the maintenance and supervision of the County's jail, to make broad changes in the jail's physical plant and operating procedures. See *Taylor v. Sterrett*, N.D.Tex.1972, 344 F.Supp. 411, *aff'd in part, vacated in part, and remanded*, 5 Cir. 1974, 499 F.2d 367. Upon the defendants' motion, the Fifth Circuit stayed the district court's judgment and injunction pending appeal, effective January 5, 1973. On June 7, 1974, the Fifth Circuit partially dissolved this stay as to four paragraphs of the district court's 1972 judgment.

In response to the partial dissolution of the stay, the district judge ordered the defendants to prepare a written report containing plans for carrying out those four paragraphs of the original order. On August 15, 1974, a hearing was held with respect to the report filed by the defendants. On August 19, 1974, the district judge issued the order that is the subject of this appeal.

The order required the defendants to file a report by October 1, 1974, "outlining a plan for altering or modifying present facilities to provide additional services for recreation, religious services, education and hospital quarters". The order observed that "[s]uch facilities cannot wait until the completion of" the defendants' "Approach A", which was designed to provide final compliance by mid-1977. The appellants' major objection to the district court's order is that it required immediate provision for religious and educational facilities, contrary to the original judgment in 1972, which required only that "[i]n a *permanent* plan for new facilities, quarters should be provided for chapel services and educational programs". 344 F.Supp. at 422 (emphasis added). If so, our affirmance of the initial judgment would not control here. Although there appears to be some merit in the appellants' contention, we do not decide this case on the merits. The appeal is dismissed for lack of compliance with Fed.R.Civ.P. 58.

Rule 58 provides, in part, that "upon a decision by the court granting . . . relief, . . . the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth . . .". This rule was not complied with in this case. The only document from which an appeal is taken here is the order of the court, an order including the court's opinions, findings, and conclusions. There is no "separate document". See, e. g., *Cloyd v. Richardson*, 6 Cir. 1975, 510 F.2d 485; *Baity v. Ciccone*, 8 Cir. 1974, 507 F.2d 717; *Superior Life Insurance Co. v. United States*, 4 Cir. 1972, 462 F.2d 945, 947–48.

In *United States v. Indrelunas*, 1973, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202, the Supreme Court declared that Rule 58 was to be "mechanically applied". The Court pointed out that the rule was necessary because of the "considerable uncertainty over what actions

of the district court would constitute an entry of judgment".[1] In *Indrelunas*, the district court had, upon a verdict unfavorable to the government, directed the clerk to "enter judgment" on the docket. Such a notation was made on March 21, 1969. Almost two years later, on February 25, 1971, the district court entered a formal judgment by a separate document, and the government appealed shortly thereafter. The Court of Appeals held that the appeal was untimely and that Rule 58 should apply only to complex judgments. The Supreme Court reversed, holding that the 1971 judgment was the only appealable action and noting that, even if the government had acted capriciously in the case, the remedy was not a "case-by-case tailoring of the 'separate document' provision". *Id.* at 221, 93 S.Ct. 1562 at 1565.

In *State National Bank v. United States*, 5 Cir. 1974, 488 F.2d 890, this Court faced a similar situation. The government filed an appeal from a document entitled "Opinion and Judgment"; a separate document, as required by Rule 58, had not been formulated. The government also appealed from the denial of a motion requiring the district court to produce a separate document. Following *Indrelunas*, we dismissed the first appeal for lack of mechanical compliance with Rule 58. We decided the second appeal, however, favorably to the government and ordered the district court to enter a judgment on a separate document. From such a judgment, the government could appeal again on the merits.

■ In light of *Indrelunas* and *State National Bank*, we are bound in this case to dismiss the appeal. Unless the parties are able to work out an acceptable accommodation, such action on our part does not appear to accomplish any meritorious result in this particular case, creating only delay. *See* C. Wright and A. Miller, Federal Practice and Procedure

§ 2782 & n. 32 (1973). But such situations are unavoidable when a mechanical rule is to be applied. Any other decision by us here might reintroduce the uncertainty that Rule 58 was designed to avoid.

Should a new appeal be taken after compliance with Rule 58, such appeal may be decided by this Court without further briefing or argument. See *United States v. Calvert*, 6 Cir. 1974, 498 F.2d 408; *Richland Trust Co. v. Federal Insurance Co.*, 6 Cir. 1973, 480 F.2d 1212, 1214.

The appeal is dismissed.

1. This uncertainty occasionally resulted in a litigant's inadvertently failing to file a timely notice of appeal. *See, e. g., Erstling v. Southern Bell Tel. & Tel. Co.*, 5 Cir. 1958, 255 F.2d 93.