Gerald Isaac SASSOON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–1160.

United States Court of Appeals,
Fifth Circuit.

March 30, 1977.

Gerald Isaac Sassoon (Pro Se).

Terry C. Sullivan, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Dorothy T. Beasley, Asst. U. S. Atty., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

On May 31, 1974 appellant tendered a plea of guilty to two separate indictments, charging him with a total of 19 counts of interstate transportation of falsely made and forged bank checks, in violation of 18 U.S.C. § 2314. On June 27, 1974 he was convicted and sentenced, in accordance with a plea agreement, to a total of six years' imprisonment on all counts. Sassoon's effort thereafter to secure postconviction relief ultimately was rejected by the district court, and Sassoon brought this appeal.

The district court's decision and the reasoning behind it, were set out in a three-page document, styled as an "Order," dated September 29, 1975. Fed.R.Civ.P. 58, however, requires that "[e]very judgment shall be set forth on a separate document."[1]

Although often referred to as an independent civil proceeding, an action under section 2255 is not automatically subject to Rule 58, both because of its similarity to a habeas corpus action (which is not necessarily governed by the civil rules, see Rule 11 of Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (Supp.Dec.1976) (effective February 1, 1977)) and because it is in a

sense a continuation of the original criminal proceeding, see Advisory Committee Note to Rule 1 of Rules Governing Section 2255 Proceedings, 28 U.S.C.A. foll. § 2255 (Supp. Dec.1976) (effective February 1, 1977). The timeliness of appeal in these cases, however, is already determined by Fed.R.App.P. 4(a), see Rubin v. United States, 488 F.2d 87 (5th Cir. 1973); cf. United States v. Hayman, 342 U.S. 205, 209, n. 4, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The time limits of Rule 4(a) run from the entry of the judgment or order appealed from. In the other contexts in which Rule 4(a) applies, Fed.R.Civ.P. 58 ordinarily dictates when a judgment can be considered effective, and the application of Rule 58 to section 2255 cases consequently seems appropriate as well. Cf. Baity v. Ciccone, 507 F.2d 717 (8th Cir. 1974) (applying Rule 58's "separate document" standard in a habeas corpus action); see generally Rules Governing Section 2255 Proceedings, supra, Rule 12.

This Court has concluded that "Rule 58 requires a judgment separate and apart from an accompanying opinion." State National Bank v. United States, 488 F.2d 890, 893 (5th Cir. 1974); see Taylor v. Sterrett, 527 F.2d 856, 857 (5th Cir. 1976). No such separate document appears in this record. Unless the failure to comply with Rule 58 can be excused, the court's order cannot be considered a "final decision" within the terms of 28 U.S.C. § 1291, and we are without jurisdiction to hear the appeal. See United States v. Indrelunas, 411 U.S. 216, 216–17, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (by implication). The Indrelunas Court, addressing rather different facts, instructed that Rule 58's " 'separate document' provision . . . is, as Professor Moore states, a 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." 411 U.S. at 221–22, 93 S.Ct. at 1565. Our Court strictly followed Indrelunas in Taylor v. Sterrett, supra, dismissing an appeal because the

---

1. "Judgment" is defined by Feb.R.Civ.P. 54(a) to include "a decree and any order from which an appeal lies."

lower court had not supplied a "separate document" but only "an order including the court's opinion, findings and conclusions." 527 F.2d at 857.

 Even if, in a proper case, *Indrelunas'* command can be qualified by the liberal philosophy embodied in Fed.R.Civ.P. 1, *see generally Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), *Markham v. Holt,* 369 F.2d 940 (5th Cir. 1966), this is not the case, for there is a further jurisdictional bar to our considering this appeal on the merits. The district court's order was evidently filed on September 30, Sassoon gave notice of appeal in a document sworn on November 28, but not filed in the clerk's office until December 3, 1975. The normal period for an appeal in a case of this sort would be 60 days following the entry of the order appealed from Fed.R. App.P. 4(a). The 60th day, November 29, 1975, was a Saturday, but Sassoon's notice was late when it was not filed on the following Monday, December 1. *See* Fed.R. App.P. 26(a). It is entirely possible that this late filing was due to "excusable neglect," which Fed.R.App.P. 4(a) provides, can be the basis for a 30-day extension of the appeal time by the district court. We, however, cannot grant this extension ourselves, and would instead have to remand for consideration of the matter by the court below. *See Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir. 1975) (per curiam); *Cramer v. Wise,* 494 F.2d 1185 (5th Cir. 1974) (per curiam). If, upon such consideration, the trial court should find excusable neglect, then Sassoon would still not have a final judgment from which to pursue his appeal. Moreover, regardless of the district court's decision on the "excusable neglect" question, Sassoon could obviate the problem of late filing completely if he should upon remand, file a motion for the entry of a judgment in a proper "separate document." Sassoon could then appeal from such judgment within 60 days. *See United States v. Indrelunas, supra.*

We minimize this procedural imbroglio by ourselves dismissing the appeal. Either party, of course, may now seek entry of a judgment complying with Rule 58, and a final appeal may then be taken. Should this appeal be brought, it may be decided by this Court without further briefing or argument, *Taylor v. Sterrett, supra,* 527 F.2d at 856, although the parties may submit additional briefs if they so desire.