Anthony T. LEE et al., Plaintiffs,

United States of America et al.,
Plaintiffs-Intervenors-Appellants,

v.

MONROE COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.

No. 76–3180.

United States Court of Appeals,
Fifth Circuit.

June 16, 1977.

Solomon S. Seay, Jr., Donald V. Watkins, Montgomery, Ala., for Nat. Ed. Assoc.

C. S. White-Spunner, Jr., U.S. Atty., Mobile, Ala., Anita M. Marshall, Ed. Sec., Civ. Rights Div., U. S. Dept. of Justice, Washington, D. C., for the U. S.

Walter W. Barnett, Deputy Chief, John C. Hammock, Atty., Dept. of Justice, Civil Rights Div., Appellate Section, Washington, D. C., amicus for the U. S.

John M. Coxwell, Monroeville, Ala., for defendants-appellees.

Before GOLDBERG, CLARK and RONEY, Circuit Judges.

## ORDER

This appeal is dismissed and this case is remanded for lack of findings of fact and conclusions of law, Fed.R.Civ.P. 52(a), and a separate final judgment, Fed.R.Civ.P. 58. *See Sassoon v. United States,* 549 F.2d 983 (5th Cir. 1977).

We make special note of the perplexing way in which this case has been presented to this Court. The plaintiff argues that Homer Williams was "demoted" as that term is defined in the terminal desegregation order of June 11, 1970 and the district court's conclusory statement reflects a consideration of this issue. Yet all activity concerning Homer Williams seems to have ceased as far as the school board is concerned on June 20, 1969. There is no indication that the 1970 order had retroactive force or would in any way affect action in 1969. The defendant argues that Homer Williams was dismissed "as a result of his own actions in refusing employment" by the employee. Yet if Homer Williams refused a job offered to him because the job was a racially motivated demotion, such refusal would not conclude his rights. This is a pre-*Singleton* case, *Singleton v. Jackson Municipal Separate School District,* 419 F.2d 1211 (5th Cir. 1970), so that pre-*Singleton* law must be addressed on remand, as *Singleton* is not retroactive. *Kelly v. West Baton Rouge Parish School Board,* 517 F.2d 194, 199 (5th Cir. 1975); *Lee v. Macon County Board of Education,* 453 F.2d 1104, 1113 (5th Cir. 1971).

On remand, assuming that time has not rendered this action moot, the district court can hold a hearing to determine precisely what facts the plaintiff is relying upon to prove racial discrimination and the opposing facts which the defendants rely upon to avoid such charge and redecide this case in the light of the appropriate law. Upon proper findings of fact and conclusions of law, and the entry of a separate judgment, any aggrieved party can then perfect such appeal as may seem appropriate, with a full rebriefing of the issues which this Court is to decide.

Since no briefs have been filed in regard thereto, it is assumed that the second proposition addressed in the court's order of July

8, 1976, concerning the continued existence of four predominately black schools in Monroe County, has not been appealed. In any event, no Rule 58 judgment has been entered in connection therewith.

The costs of this appeal shall be equally divided between the parties.

DISMISSED.