Derrick ARMSTRONG, Petitioner–Appellant,

v.

Rodney J. AHITOW, Respondent–Appellee.

No. 94–2263.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 29, 1994.

Decided Sept. 20, 1994.

Derrick Armstrong, pro se.

Martha E. Gillis, Office of the Atty. Gen., Criminal Appeals Div., Chicago, IL, for respondent-appellee.

Before CUMMINGS, KANNE, and ROVNER, Circuit Judges.

PER CURIAM.

Derrick Armstrong filed a petition for a writ of habeas corpus on December 1, 1992 pursuant to 28 U.S.C. § 2254 seeking to challenge an eighteen year sentence imposed after he pleaded guilty to two counts of residential burglary. On March 24, 1993, the district court entered a memorandum opinion and order denying the writ. On May 2, 1994, Armstrong filed a motion for appointment of counsel and to take judicial notice that he was ineligible for post-conviction relief in Illinois, in response to which the district court issued a minute order that denied the motions as moot "since this case was terminated on 03/23/94 [sic]." On May 23, 1994, Armstrong filed a document entitled "Late Notice of Appeal." Because the notice of appeal was filed over a year after the denial of Armstrong's petition, we ordered Armstrong to submit a memorandum addressing the timeliness of the appeal. Our order also indicated that the district court had not extended the appeal period and that this court lacked the power to do so. This apparently prompted Armstrong to file a motion before the district court to extend the appeal time. Remarkably, the district court granted the motion, although Fed.R.App.P. 4(a)(5) provides that a motion to extend the time for appeal in a civil case must be made within thirty days of the date that the appeal time expires. *See Harrison v. Dean Witter Reynolds, Inc.,* 974 F.2d 873, 886 (7th Cir.1992); *Labuguen v. Carlin,* 792 F.2d 708, 710 (7th Cir.1986); *United States ex rel. Leonard v. O'Leary,* 788 F.2d 1238, 1239 (7th Cir.1986). We now dismiss the appeal for lack of jurisdiction on the ground that it is premature.

■ The district court's March 24, 1993 memorandum opinion was not accompanied by the entry of a Rule 58 judgment. Habeas petitions are civil proceedings to which the rules of civil procedure apply. *See* Fed.R.Civ.P. 81(a)(2) ("These rules are applicable to proceedings for ... habeas corpus...."); *Baity v. Ciccone,* 507 F.2d 717, 718 (8th Cir.1974); *accord, Sassoon v. United States,* 549 F.2d 983, 984 (5th Cir.1977). As we have recently discussed, the final judgment rule embodied in Rule 58, among other purposes, operates to protect the opportunity to appeal.

*Brill v. McDonald's Corp.,* 28 F.3d 633, 634–35 (7th Cir.1994) (collecting cases). As this appeal would otherwise be untimely, the final judgment rule "must be mechanically applied in order to avoid ... uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas,* 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973); *see also Sassoon v. United States,* 549 F.2d at 984–985 (dismissing for want of jurisdiction based on district court's failure to enter Rule 58 judgment appeal of denial of section 2255 petition which would otherwise be late); *Baity v. Ciccone,* 507 F.2d at 718 (dismissing for want of jurisdiction based on district court's failure to enter Rule 58 judgment appeal of denial of section 2254 petition which would otherwise be late). Thus, although it is clear that the district court intended its March 24, 1993 order to end this case, the requirement of a Rule 58 judgment cannot be waived here, *see Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam), as to do so would defeat our appellate jurisdiction. *United States v. Indrelunas,* 411 U.S. at 221–222, 93 S.Ct. at 1564–1565.

■ As one member of this panel recently observed, "a district court has only limited time to devote to each of its hundreds of cases[.]" *Otis v. City of Chicago,* 29 F.3d 1159, 1172 (7th Cir.1994) (en banc) (Rovner, J., concurring). Yet despite these time restrictions, district courts and their clerks must strive to more faithfully observe the requirements of Rule 58 because the failure to do so only causes additional work for this court in untangling jurisdictional snarls such as this one. *See id.* at 1163 ("Rule 58 puts the onus of preparing a judgment squarely on the shoulders of the clerk of the district court."). Because the requirements of Rule 58 were not met here, the time for appeal has not commenced. *In re Kilgus,* 811 F.2d 1112, 1117 (7th Cir.1987) ("A party safely may defer the appeal until Judgment Day if that is how long it takes to enter the document."). For the same reason, the district court's order granting an extension of time for the filing of the appeal, although improvidently entered, is a nullity.

Accordingly, this appeal is dismissed for want of jurisdiction. Once the district court has entered a proper Rule 58 judgment, Armstrong may appeal by filing a new notice of appeal within 30 days of that date.