51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William C. BLANK, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary of the Department of Veterans
Affairs, Defendant-Appellee.
 No. 93-3228.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed William Blank's complaint under Local Rule 10.03[1] because Blank's attorneys did not respond to defendant's motion to dismiss, but it did not enter a Rule 58 judgment. The case had lain dormant for more than two years when Blank, represented by new counsel, sought to vacate the dismissal order. The district court refused, characterizing the motion as brought under Rule 60(b). Blank, now without counsel, timely appealed the order denying his motion to vacate.
 
 
 2
 We begin with an interesting question of appellate jurisdiction. Blank's notice of appeal designates the order denying his motion to vacate as the order appealed. Generally, this would not trigger appellate review of the merits of the underlying dismissal for want of prosecution. Jones v. Phipps, 39 F.3d 158, 161 (7th Cir.1994); Dickerson v. Board of Education, 32 F.3d 1114, 1117 (7th Cir.1994). But in this case, the district court never entered a Rule 58 judgement, and Blank did not timely appeal the order of dismissal. This usually would lead to the dismissal of the appeal as premature, Armstrong v. Ahitow, 36 F.3d 574 (7th Cir.1994) (the requirements of Rule 58 must be mechanically applied to protect the opportunity to appeal the merits decision), but for the fact that Blank timely appealed denial of his motion to vacate the dismissal. That order is appealable as a "final decision" even absent a final judgment because it is clear that the district court intended to conduct no further proceedings in the case. Student Loan Marketing Association v. Lipman, No. 94-1903, slip op. at 7-8 (7th cir. January 10, 1995). Appellate jurisdiction over the dismissal order, therefore, is secure.
 
 
 3
 But Blank's opening brief addresses neither the district court's order of dismissal nor the denial of the motion to vacate. Only in his reply brief does Blank speak to these matters, and of course that is too late; Blank has forfeited review. Horn v. Transcon Lines, Inc., 7 F.3d 1305, 1308 (7th Cir.1993) ("A litigant wanting to challenge the core of the district court's holding must do so in its opening brief and not hold its fire until after the appellee has filed its only brief."); Egert v. Connecticut General Life Ins. Co., 900 F.2d 1032, 1035 (7th Cir.1990).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)
 
 
 [1]
 Local Rule 10.03 states: Lack of Diligence. Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days