51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James BUSH, Jr., et al., Defendants,
Appeal Of Kevin B. McCARTHY.
 No. 93-3475.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court directed Kevin McCarthy, an attorney for one of the defendants in this foreclosure action, to pay $397.00 as a sanction for various Rule 11 violations. McCarthy was entitled to appeal the sanctions order immediately, Kotsilieris v. Chalmers, 966 F.2d 1181, 1183 (7th Cir.1992), but did not. Instead, he appealed an order denying the motion of two defendants, James Bush (whom McCarthy represented) and Doris Doggett, to vacate both the McCarthy sanctions order and the judgment of foreclosure on two of the properties involved in this action.
 
 
 2
 This appeal raises some interesting questions of appellate jurisdiction. At the time McCarthy appealed, a number of claims remained unresolved. The district court had not ruled on that portion of the government's complaint seeking to foreclose its tax lien on two other properties. Nor had it disposed of a third-party claim of one of the defendants and a cross-claim of another defendant. And of course, until the district court wraps up all claims of all parties or enters a partial judgment including the findings required by Fed.R.Civ.P. 54(b), there is no final and appealable decision. Cleaver v. Elias, 852 F.2d 266, 267 (7th Cir.1988). May McCarthy now appeal from the sanctions order itself entered a year earlier? No, but not because the appeal is late.
 
 
 3
 A litigant entitled to appeal under the collateral order doctrine, as McCarthy, see Frazier v. Cast, 771 F.2d 259, 261 (7th Cir.1985), must act within 30 days and if this time expires without appeal must wait until final judgment to pursue the issue. Otis v. City of Chicago, 29 F.3d 1159, 1167 (7th Cir.1994) (en banc). So McCarthy lost an opportunity to appeal. But this was not his one and only opportunity. Rule 58 applies to orders granting monetary sanctions against an attorney. TMF Tool Co., Inc. v. Muller, 913 F.2d 1185, 1188-89 (7th Cir.1990). And because the district court has not entered a separate judgment in compliance with Rule 58 on the sanctions matter his appeal is premature. See Armstrong v. Ahitow, 36 F.3d 574 (7th Cir.1994). Cf. United States v. Moats, 961 F.2d 1198, 1203 (5th Cir.1992) (an appeal taken under the "collateral order doctrine" is subject to all the usual appellate rules and time periods); see also C. Wright, A. Miller & E. Cooper, 15A Federal Practice and Procedure Sec. 3911, at 357 (2d ed. 1992). Even so, may McCarthy now appeal an interlocutory order denying a motion to vacate the sanctions order--a motion that he did not bring? We think so.
 
 
 4
 In its order, the district court explicitly recognized that Bush and Doggett's motion sought to vacate the sanctions order against McCarthy. As such, we believe that McCarthy was entitled to appeal the denial of this motion because he is a non-party and the order was adverse to him. See Frazier v. Cast, 771 F.2d at 262. And because McCarthy appealed within 30 days of entry of the order we have jurisdiction to review it. The district court, however, correctly refused to revisit the sanctions matter; Bush and Doggett suffered no injury, only McCarthy did. Apart from the motion's failure to state any grounds for vacating the sanctions order, Bush and Doggett had no standing to challenge sanctions imposed on McCarthy alone. Tisza v. Communications Workers of America, 953 F.2d 298, 300 (7th Cir.1992) (parties who do not suffer injury lack standing).
 
 
 5
 DISMISSED IN PART; AFFIRMED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)