**Dianne D. POZZI, individually and on behalf of all those similarly situated, Plaintiffs,**

v.

**David W. SMITH, David H. Young, Anthony R. Drury, and Quad Systems Corporation, Defendants.**

**Civil Action No. 95–1454.**

United States District Court, E.D. Pennsylvania.

April 15, 1997.

Stuart H. Savett, Barbara A. Podell, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, Dennis J. Johnson, The Law Offices of Dennis J. Johnson, South Burlington, VT, for Plaintiffs.

R. Nicholas Gimbel, Hoyle, Morris & Kerr, Philadelphia, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This is a complex securities class action. On January 24, 1997, the Court issued and the Clerk entered on the docket two documents, one styled "Memorandum" and the other styled "Findings and Order." The Memorandum contained the Court's legal basis for its decision. The Findings and Order contained the Court's order for relief. On March 7, 1997, at counsel's request, the Court conducted a telephone conference at which time defense counsel suggested that it was questionable whether the Court's Findings and Order satisfied the separate document requirement under Rule 58 of the Federal Rules of Civil Procedure. On March 19, 1997, at the Court's request, defense counsel submitted a letter with reference to legal authorities addressing the Rule 58 issue. ("Defendants' letter"). On March 21, 1997, the Court received a letter from plaintiffs' counsel agreeing in general with the defendants' position and requesting that the Court enter a "final judgment" as requested by defendants. ("Plaintiffs' letter"). The Court will construe the letters from the parties as a joint motion for reconsideration to alter or amend the Findings and Order, see Fed. R.Civ.P. 60(b), or in the alternative as a joint motion to correct a clerical error, see Fed. R.Civ.P. 60(a), and will deny the motion for the following reasons.

### A.

Before the Court is the issue of whether a document styled "Findings and Order," which contained the Court's findings and order of relief disposing of all outstanding claims against all parties in this complex securities class action litigation, satisfies the separate document requirement under Rule 58 of the Federal Rules of Civil Procedure. Counsel has requested that the Court enter a separate document styled "Final Judgment" embodying the rulings contained in its January 24, 1997, Findings and Order. While the aforementioned request by defense counsel is unopposed by plaintiffs' counsel, nevertheless, the integrity of the judicial process necessitates that before modifying a previously entered order the Court satisfy itself that the request is warranted.

Rule 58 provides in relevant part:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury or upon a decision by the court that a party shall recover only a sum certain or costs that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of judgment, and the clerk shall thereupon enter it. *Every judgment shall be set forth on a separate document. A judgment is effective only*

*when so set forth an when entered as provided in Rule 79(a).*[1]

Fed.R.Civ.P. 58 (emphasis added).

The Supreme Court has explained that the separate document requirement under Rule 58 was adopted in 1963 to avoid the then existing confusion as to when the clock starts to run for purposes of an appeal following the entry of a judgment by the district court. *See e.g., Bankers Trust v. Mallis,* 435 U.S. 381, 384–85, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978); *United States v. Indrelunas,* 411 U.S. 216, 219–22, 93 S.Ct. 1562, 1563–65, 36 L.Ed.2d 202 (1973). Prior to the enactment of Rule 58, "there was considerable uncertainty over what actions of the [d]istrict [c]ourt constitute[d] entry of judgment, and occasional grief to litigants as a result of this uncertainty." *Indrelunas,* 411 U.S. at 220, 93 S.Ct. at 1564 (citing *United States v. F & M Schaefer Brewing Co.,* 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958)). This uncertainty "often result[ed] from the preparation of an opinion or memorandum [by the district court] containing language apparently dispositive, the filing of which was viewed by some court clerks as the entry of final judgment [of the district court]." *Richland Trust Co. v. Federal Insurance Co.,* 480 F.2d 1212, 1213 (6th Cir.1973) (citing *Schaefer Brewing Co.*).

The separate document requirement under Rule 58 " 'eliminates [this uncertainty] by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for entry of judgment.' " *Richland,* 480 F.2d at 1213 (quoting Notes of Advisory Committee on Fed.R.Civ.P. 58 (1963)); *See also, Indrelunas,* 411 U.S. at 220–21, 93 S.Ct. at 1564–65. To be sure, the separate document requirement under Rule 58 "is, as Professor Moore states, a 'mechanical change' that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *Indrelunas,* 411 U.S. at 221–22, 93 S.Ct. at 1565.[2]

**B.**

Here, the parties contend that "the 'separate document' requirement is at least arguably not satisfied" by the entry of the Findings and Order. Defendants' letter at 2. First, according to the parties, in addition to the Findings and Order which has been entered, for purposes of satisfying the separate document requirement under Rule 58, the Court now must enter a "Final Judgment" in order to prevent future objectors to the settlement from arguing that because the Court did not enter such a judgment on a separate document the appeal period has not yet begun to run. Second, the parties complain that under Rule 58 an additional document other than the Findings and Order is necessary because, according to the parties, the final order for relief addressing the disposition of the claims must be contained in a document separate from the judgment.

As to the first argument, i.e., that in addition to the Findings and Order a document styled "Final Judgment" is necessary to satisfy Rule 58, it is clear that no talismanic formulation is required for a document entered by the Court disposing of all claims

---

1. The requirement of Rule 79(a), which is referenced in Rule 58, simply directs the Clerk of the District Court to make an entry of the judgment showing the substance of each judgment or order of the district court. Thus, two procedural requirements exist for entry of a judgment, which triggers the time for running for appeal: first, a statement of the judgment or a separate document, and second, the entry of the judgment by the Clerk on the civil docket. Since the letter from defense counsel makes no mention of the second requirement, presumably because he does not contest the fact that the judgment was entered by the Clerk on the docket, the only issue before the Court concerns the first requirement, e.g. whether a separate document set forth the judgment in this case.

2. In *Indrelunas,* 411 U.S. at 220–21, 93 S.Ct. at 1564–65, the Supreme Court cited with approval the following "cogent observation" with respect to the purpose of the separate document provision in Rule 58:

   "This [separate document requirement in Rule 58] represents a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective, which has a most important bearing, *inter alia,* on the time for appeal, and the making of post-judgment motions that go to the finality of the judgment for purposes of appeal." 6A J.Moore, Federal Practice, § 58.04, at 58–161 (1972).

between the parties to be effective as a judgment. *See* 11 Wright & Miller, *Federal Practice & Procedure*, § 2785 at 22 (2d ed. 1995) ("[N]o particular form of words is required in a judgment [to satisfy Rule 58]."). This is consistent with the plain language of Rule 54(a) of the Federal Rules of Civil Procedure which provides that the term " '[j]udgment' as used in these rules [of federal civil procedure] includes a decree and *any order* from which an appeal lies," Fed. R. Civ. Pro. 54(a) (emphasis added), and it is supported by the decisions of two courts of appeals "which seem to assume that a document denominated an order can be a judgment that satisfies the separate document requirement [under Rule 58]." *Kanematsu–Gosho, Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47, 49 (2d Cir.1986) (distinguishing *Center For Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Commission*, 781 F.2d 935, 938–39 (D.C.Cir.1986); *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 753–56 (9th Cir.), *cert. denied*, 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986)).

■ As to the second argument, i.e. that the order granting the relief disposing of the claims in the case must be contained in a separate document from the judgment, the parties misconstrue the separateness requirement under Rule 58. The separate document requirement under Rule 58 does not compel, as the parties suggest, that the order for relief must be set out in a document separate from the judgment. Rather, the separate document requirement under Rule 58 mandates that the document containing the order for relief or judgment be set out on a separate document apart from the memorandum or opinion which provides the legal basis for the Court's decision. *See e.g., Richland*, 480 F.2d at 1213 (quoting advisory committee notes to Rule 58); *Indrelunas*, 411 U.S. at 220–21, 93 S.Ct. at 1564–65; *See also* 11 Wright & Miller, *Federal Practice & Procedure*, § 2785 at 18 (2d ed.1995) (explaining that after the 1963 amendments to Rule 58 "[i]t is no longer possible ... for an opinion to have the effect of a judgment."). Therefore, the Court has no trouble concluding under these circumstances that the Findings and Order satisfied the separate document requirement under Rule 58.[3]

An appropriate order will issue.

## ORDER

**AND NOW**, this **15th** day of **April, 1997**, it is **ORDERED that** the joint motion of the parties for reconsideration to alter or to amend the Findings and Order, or in the alternative to correct a clerical error, is **DENIED** for the reasons stated in the Court's memorandum of this date.

**AND IT IS SO ORDERED.**

---

3. To support their position, counsel has pointed the Court to the Third Circuit's decision in *Gregson & Associates Architects v. Government of the Virgin Islands*, 675 F.2d 589 (3d Cir.1982). *Gregson* involved an order from the district court styled "Memorandum Opinion and Judgment," which contained a memorandum opinion in the first four pages, and "[o]n the last of the four pages of the document there appeared a separate heading, "JUDGMENT," under which the judgment was entered on the [district] court's docket." *Gregson*, 675 F.2d at 591. The Third Circuit in *Gregson* found that "[o]ur review of the relevant case law convinces us that this order does not satisfy the Rule 58 requirement that '[e]very judgment shall be set forth on a separate document.' " *Id.* at 591 n. 1.

Unlike the district court in *Gregson*, however, the Court did not combine the memorandum opinion and order into a single document. Rather, while the Court issued a document styled "Memorandum" explaining the legal authority and rationale for its decision, it also issued a separate document styled "Findings and Order" disposing of all the outstanding claims against all parties in the litigation without reference to any legal authority or legal reasoning. Since the Court issued two separate documents, as opposed to the single document combining the memorandum and judgment issued in *Gregson*, the Court concludes that *Gregson* is distinguishable.