142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mervyn BUTLER, Petitioner-Appellant,
v.
United States of America, Respondent-Appellee.
 No. 95-3340.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 12, 1998*.
Decided Apr. 1, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 95-3340 Richard Mills, Judge.
 Before Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Mervyn Butler appeals the denial of his motion to vacate, 28 U.S.C. § 2255, claiming that the holding in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), invalidates his conviction for using and carrying a firearm during a drug trafficking offense. 18 U .S.C. § 924(c). We affirm.
 
 
 2
 Initially, we must address a challenge to our jurisdiction. The government contends that because the Central District of Illinois docketed this collateral attack as a continuation of the criminal case, instead of as a separate civil action, a separate document of judgment was not entered as required by Federal Rule of Civil Procedure 58. Thus, the government asserts, under Armstrong v. Ahitow, 36 F.3d 574 (7th Cir.1994), we lack jurisdiction over this appeal. The government misunderstands the import of the separate document rule of Rule 58, which is to protect the appellant's opportunity to appeal by providing certainty as to the deadline for filing a notice of appeal. Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-85, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); Armstrong, 36 F.3d at 575.
 
 
 3
 A Rule 58 entry, however, is not essential to an appeal. Mallis, 435 U.S. at 387; Otis v. City of Chicago, 29 F.3d 1159, 1165 (7th Cir.1994). If the district court clearly intended the order from which an appeal is taken to be a final decision, and if the appellee would not be misled or prejudiced as a result, the appellant may waive entry of a separate judgment. Mallis, 435 U.S. at 387; Armstrong, 36 F.3d at 575. The government does not argue that it has been misled or that it would suffer prejudice; nor does it argue that the district court did not intend the order from which Butler appeals to be final. If we dismissed this appeal, the district court would simply enter a separate judgment. In other words, "[w]heels would spin for no practical purpose." Mallis, 435 U.S. at 385. We conclude, therefore, that we have jurisdiction over this appeal.
 
 
 4
 The facts relevant to the substantive issue on appeal are as follows. Butler and two co-conspirators were arrested during a sting operation. The three conspirators planned to purchase cocaine from a supplier named Scott who was a government agent. The three men drove to a pre-arranged meeting and paid Scott with cash supplied by Butler and guns supplied by one of the co-conspirators. Immediately thereafter the three men were arrested. Throughout the transaction Butler remained sitting in the back seat of the car. A search of the car revealed a .22 caliber semi-automatic pistol on the floor of the back seat. Butler was charged with conspiracy to distribute cocaine, 21 U.S.C. § 846, attempt to possess and distribute cocaine, 21 U.S.C. § 841(a), and using or carrying the .22 caliber pistol during a drug trafficking offense ("weapon count"), 18 U.S.C. § 924(c). Butler was tried by a jury, which convicted Butler on all three counts. We affirmed the conviction and sentence. United States v. Butler, No. 93-1095 (7th Cir. Nov.29, 1993) (unpublished order).
 
 
 5
 Butler then filed the motion at issue in this appeal. He brought a Bailey challenge to the jury instruction on the weapon count. The district court denied Butler's motion on the ground that the jury necessarily believed that Butler personally carried the gun when it found him guilty on the weapon count. Butler appeals, arguing that the jury could have convicted him of mere possession simply because the gun was in the car.[1] He also argues that he could not be convicted under the "carrying" prong of § 924(c) because he was not the person driving the car and the evidence was insufficient to prove he ever carried the gun on his person.[2]
 
 
 6
 An erroneous instruction under Bailey does not necessarily entitle a petitioner to a new trial. Wilson v. United States, 125 F.3d 1087, 1090 (7th Cir.1997); United States v. Cooke, 110 F.3d 1288, 1293-94 (7th Cir.1997). In fact, if "all the evidence presented [at trial] qualifies as either active-employment 'use' or 'carry,' [this] court will affirm a conviction despite the bad instruction." Cooke, 110 F.3d at 1294 (quoting United States v. Cotton, 101 F.3d 52, 56 (7th Cir.1996). If, however, some of the evidence qualifies as "use" or as "carry," but other evidence "points to mere possession or some type of now-defunct, inactive 'use,' the court will reverse and remand for a new trial." Id. Essentially, this court looks to whether a properly instructed jury could have convicted the defendant under § 924(c). Id.
 
 
 7
 "[P]ossession of [a] firearm coupled with the affirmative act of transporting it" constitutes carrying under § 924(c). Cooke, 110 F.3d at 1297; see Wilson v. United States, 125 F.3d 1087, 1090 (7th Cir.1997); United States v. Baker, 78 F.3d 1241, 1247 (7th Cir.1996). Whether Butler personally possessed and transported (and therefore "carried") the gun is irrelevant because he was convicted of conspiracy. "[T]he rule of co-conspirator liability announced in Pinkerton [v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) ] applies to § 924(c) convictions." Woodruff, 131 F.3d at 1243; cf. Cooke, 110 F.3d at 1297 n. 9 (noting that because the defendant was not charged with conspiracy, it was unnecessary to consider whether he would have been properly convicted for his cohort's activities). Thus, even if the gun was carried by one of his co-conspirators, Butler is responsible as long as the gun was carried in furtherance of the conspiracy and it was reasonably foreseeable to Butler that the gun would be carried. Woodruff, 131 F.3d at 1243. That the gun was carried in furtherance of the conspiracy is necessarily established because the jury found that the gun was carried "during and in relation to" the drug transaction. See Broadway v. United States, 104 F.3d 901, 903-04 (7th Cir.1997). Likewise, the evidence showed that it was reasonably foreseeable to Butler that one of his co-conspirators would carry a gun to the drug transaction; after all the conspiracy involved trading guns for drugs. Moreover, "the inherently violent nature of the drug trade makes the presence of firearms ... reasonably foreseeable." United States v. Edwards, 36 F.3d 639, 644 (7th Cir.1994); see also United States v. Sandoval-Curiel, 50 F.3d 1389, 1393 (7th Cir.1995) ("[T]he presence of firearms in transactions involving a sizeable amount of money and drugs is reasonably foreseeable."). Finally, that Butler was not driving the car is irrelevant: either he or one of his co-conspirators carried the gun during the drug transaction. Under Woodruff, that is enough.
 
 
 8
 Butler also argues that, based on the wording of the indictment, the government was required to prove that he both used and carried the .22 caliber pistol. We rejected an identical claim in Stanback, 113 F.3d at 656 n. 3. The remainder of Butler's assertions go to the credibility of various witnesses. We do not review credibility determinations. United States v. Earnest, 129 F.3d 906, 913 (7th Cir.1997).
 
 
 9
 Butler's final argument is that the district court erred in denying his motion for reconsideration. In the motion, Butler argued that the district court should not have decided his case before he filed his traverse, arguably delayed through no fault of his own. The only new argument presented in Butler's traverse is that the mere presence of the gun in the car should not necessarily satisfy the carrying prong of § 924(c). Because resolution of this case does not depend on the answer to this question, the district court did not abuse its discretion by denying reconsideration.
 
 
 10
 For these reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 This court will address Bailey claims on collateral attack because convictions obtained before Bailey "may have been premised on conduct that is no longer regarded as criminal." Stanback v. United States, 113 F.3d 651, 654 (7th Cir.1997). Thus, petitioners alleging error under Bailey may establish a complete miscarriage of justice. See id.; Woodruff v. United States, 131 F.3d 1238, 1241 (7th Cir.1997)
 
 
 [2]
 The Supreme Court has recently granted certiorari to three cases involving Bailey challenges. Muscarello v. United States, --- U.S. ----, 118 S.Ct. 621, 139 L.Ed.2d 506 (1997); Hohn v. United States, --- U.S. ----, 118 S.Ct. 361, 139 L.Ed.2d 281; Bousley v. Brooks, 118 S.Ct. 31 (1997). In Muscarello, the Court will address the question of whether a weapon must be "readily accessible" in order to be carried under § 924(c). The question presented by Hohn is whether the Supreme Court has jurisdiction to review the court of appeals' denial of a petitioner's request for a certificate of appealability. Bousley involves the question of whether a guilty plea waives a Bailey challenge when the plea was entered before Bailey was decided. The outcome of this case does not depend upon the answer to any of these questions