Russell Curtis SIMON, et al.,
Plaintiffs-Appellants,

v.

CITY OF CLUTE, TEXAS, et al.,
Defendants-Appellees.

No. 86–2853.

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 1987.

William H. Bruckner, Roxella, T. Cavazos, Bruckner & Sykes, Houston, Tex., for plaintiffs-appellants.

John Eckel, Richard S. Crowther, Mills, Shirley Eckel & Bassett, Galveston, Tex., for Clute, et al.

Gregory T. Kenney, William C. Book, Tekell, Book & Matthews, Houston, Tex., for Steele.

Before RUBIN, GARZA, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

On the eve of trial, the district court dismissed this suit without hearing any evidence other than the testimony adduced on the plaintiffs' motion for a preliminary injunction and without holding either that the plaintiffs had failed to state a claim for which relief could be granted or that the absence of genuinely disputed material facts warranted summary judgment. 646 F.Supp. 1280 (S.D.Tex.1986). Patently, therefore, we must reverse the dismissal and remand for proceedings that give the parties their day in court.

Six City of Clute, Texas police officers brought this civil-rights action to redress alleged violations of their constitutional rights by the City, its mayor and councilmen, its former police chief, and two city detectives. In September 1983, the district court conducted an evidentiary hearing on the plaintiffs' motion for a preliminary injunction, ruled orally that the suit was a proper class action and that a preliminary injunction would be granted, and instructed the parties to submit an order for signature. Although a proposed order was submitted four days later, the district court did not sign it or enter any findings of fact or conclusions of law.

Later, the plaintiffs filed motions to hold the defendants in contempt for failure to comply with the injunction. The court then instructed the parties to provide progress reports on compliance. The plaintiffs contend that the defendants failed ever to comply with the injunction, but the parties proceeded with discovery. A pretrial conference was held in March 1985. The court then stated that it would not certify a class but directed the plaintiffs to supplement their complaint by adding nine additional plaintiffs. They complied six days later.

On April 15, 1985, the court summoned the parties to appear for jury selection on April 17. When counsel appeared, the court called them into chambers. The record does not disclose what happened in chambers, but plaintiffs contend, and defendants do not deny, that the court asked plaintiffs' counsel to waive a jury, and, when the request was not granted, sua sponte dismissed the case. A docket entry dated April 17 states, "Court finds case improper for trial by federal jury. Case dismissed."

The district court did not, however, enter a judgment in accordance with the docket notation. By communications dated April 18 and May 3, 1985, the plaintiffs requested that the court enter a judgment as soon as possible. The court did not respond. After waiting seven months, the plaintiffs filed a motion for entry of a final judgment, or, alternatively, for a preferential trial setting. Still, the district court did not act. Finally, in September 1986, after the plaintiffs had filed a petition for a writ of mandamus from this court but before this court had acted, the district court entered a judgment dismissing the "plaintiffs' cause of action" on September 30, 1986. The court also filed a thirteen-page memorandum and order making various findings concerning the events in dispute, basing many of its findings on documents that had not been filed in evidence but were attached to the defendants' request for jury charges.

■ The defendants first contend that the appeal is untimely because the April 17 docket entry constituted a final judgment. The argument is unworthy. Federal Rule of Civil Procedure 58 expressly requires every judgment to be set forth on a separate document and provides, "[a] judgment is effective only when so set forth and when entered as provided in Rule 79(a)." The reason for this provision is explained in the Notes of the Advisory Committee: to eliminate uncertainties concerning "whether the purported entry of judgment was effective, starting the time for post-verdict motions and for the purpose of appeal." The term "separate document" means a document separate and apart from an opinion or memorandum of the court.[1] The district court issued its judgment in a separate document on September 30, 1986, and the plaintiffs filed their appeal within thirty days, on October 15, 1986.

■ As the Supreme Court has held, this requirement of a separate document is to be mechanically observed.[2] The requirement may be waived to allow an appeal in the absence of a separate document,[3] but not to cause a forfeiture of the right to appeal. Rule 58 " 'should be interpreted to prevent loss of the right to appeal, not to facilitate loss.' "[4]

■ The argument that the plaintiffs should be barred from appealing because they waited seventeen months to seek mandamus is equally wanting. The plaintiffs thrice sought relief from the district court. If they had applied for mandamus earlier, the petition might have been considered importunate. The period they waited was discreet, not unduly long.

■ The parties debate the merits of their respective positions and the defects in the opposing party's arguments. All to no avail. We do not know the facts. While the district court has given some reasons for its actions, there has never been a trial on the merits. The complaint states a claim. The opinion does not even purport to dismiss the suit for failure to do so. The facts are disputed. The opinion does not even purport to render a summary judg-

1. *Sassoon v. United States,* 549 F.2d 983, 984 (5th Cir.1977); *State National Bank of El Paso v. United States,* 488 F.2d 890, 892–93 (5th Cir. 1974); Judicial Conference of the United States, "Report of Proposed Amendments to Certain Rules of Civil Procedure for the United States District Courts," 31 F.R.D. 621, 649–50 (1962).

2. *United States v. Indrelunas,* 411 U.S. 216, 221–22, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (per curiam).

3. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

4. *Id.* at 387; 98 S.Ct. at 1121 (quoting 9 J. Moore, Federal Practice ¶ 110.08[2], at 120 n. 7 (1970)).

ment on the basis that there is no genuine dispute of material fact.[5] The plaintiffs demanded trial by jury in accordance with Federal Rule of Civil Procedure 38 and the seventh amendment. No reason has been given why they are not entitled to such a trial. Relying on *Portsmouth Square, Inc. v. Shareholders Protective Committee,*[6] the defendants characterize the district court's summary dismissal as proper under the pretrial conference procedure of Federal Rule of Civil Procedure 16.[7] In this case, however, the plaintiffs were not afforded the opportunity to develop all of their factual and legal support.[8]

■ The basic issue in the case is whether actions affecting the plaintiffs were taken in retaliation for their exercise of first amendment rights. Whether an employee's speech is protected by the first amendment is ultimately a question of law[9] and it depends on whether the speech addresses a matter of public concern.[10] This inquiry in turn triggers resolution of factual issues, such as the content, form, context, time, place and manner in which the speech was delivered.[11]

■ If the resolution of such factual issues is necessary to determine the protected status of speech, summary dismissal of the case before it gets to the jury is improper.[12] If, on the other hand, there is no genuine issue of material fact, the district court may decide the case by summary judgment, for the issues are then solely legal.[13] The posture of the case at present does not require us to decide whether the presence of issues of constitutional fact would permit the district court to resolve those issues a third way, after trial but without a jury determination.[14] Whether the district court might find no genuine dispute of material fact after employing proper procedures to explore that matter or whether the factual issues could be resolved only after all the evidence is adduced, summary decision without following either course was improper.

■ The plaintiffs request an order to the district court requiring it to certify the class and enter the preliminary injunction. We do not have a judgment from the district court on these two issues; consequently, they are not properly before us. We note, however, that plaintiffs are not a numerous class.[15]

■ As a general rule, this court remands cases to the same trial court for further proceedings. The interests of justice and the appearance of justice, however, require that this case be allotted, after remand, to a judge who has not expressed an opinion on its merits without hearing all of the evidence.

Absent evidence of personal bias by the trial judge,[16] appellate courts consider three factors in deciding whether to remand a case to a different judge: (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed

---

5. Fed.R.Civ.P. 56(c).

6. 770 F.2d 866 (9th Cir.1985).

7. *Id.* at 869.

8. *Estate of Smith v. Tarrant County Hospital District,* 691 F.2d 207 (5th Cir.1982).

9. *Connick v. Myers,* 461 U.S. 138, 148 n. 7, 150 n. 10; 103 S.Ct. 1684, 1690 n. 7, 1692 n. 10, 75 L.Ed.2d 708 (1983); *Burris v. Willis Independent School District,* 713 F.2d 1087, 1094 (5th Cir. 1983).

10. *Connick,* 461 U.S. at 146; 103 S.Ct. at 1690.

11. *Gonzales v. Benavides,* 774 F.2d 1295, 1300 (5th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1789, 90 L.Ed.2d 335 (1986).

12. *Brinkmeyer v. Thrall Independent School District,* 786 F.2d 1291, 1296 (5th Cir.1986) (per curiam); *McPherson v. Rankin,* 736 F.2d 175, 180 (5th Cir.1984).

13. Fed.R.Civ.P. 56(c).

14. *Wolston v. Reader's Digest Ass'n, Inc.,* 578 F.2d 427, 429 (D.C.Cir.1978), *rev'd on other grounds,* 443 U.S. 157, 99 S.Ct. 2701, 59 L.Ed.2d 31 (1979).

15. Fed.R.Civ.P. 23(a)(1).

16. 28 U.S.C. § 144 (1982).

views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.[17]

The plaintiffs assert, and the defendants concede, that in the in-chambers discussion after which the district court dismissed the case, the court referred to the plaintiffs as mutineers. After a trial on the merits, the trier-of-fact may conclude that they are properly so characterized, but it is unlikely that a judge who has expressed such an opinion of the plaintiffs on so inadequate a basis will be able to ignore the opinion he previously embraced or to erase any apprehensions that the plaintiffs would not be treated fairly on remand. In addition, the district court had refused to enter a judgment in the case when it was its plain duty to do so until the plaintiffs sought a writ of mandamus from this court. Finally, because the case never went to trial, duplication of effort poses little concern. In short, the plaintiffs are entitled to a trial before a judge who has not so precipitately rejected their claims.

Accordingly, we REVERSE the judgment of dismissal and REMAND the case for further proceedings consistent with this opinion and in compliance with the Federal Rules of Civil Procedure. We also instruct Chief Judge Singleton of the Southern District of Texas to reassign this case to a different trial judge.

---

**17.** *United States v. National Medical Enterprises, Inc.,* 792 F.2d 906, 914 (9th Cir.1986) (quoting *United States v. Robin,* 553 F.2d 8, 10 (2d Cir. 1977) (en banc)); *Bercheny v. Johnson,* 633 F.2d 473, 476–77 (6th Cir.1980).