United States Court of Appeals,

Fifth Circuit.

No. 94-41194.

Michael K. COOK, Robert B. James, Dr. Beverly McMillan, and Eva T. Edl, Plaintiffs-Appellants,

v.

Janet RENO, Attorney General of the United States of America, and Michael D. Skinner, Acting United States Attorney for the Western District of Louisiana, Defendants-Appellees.

Feb. 6, 1996.

Appeal from the United States District Court for the Western District of Louisiana.

Before POLITZ, Chief Judge, and WISDOM and STEWART, Circuit Judges.

WISDOM, Circuit Judge:

The appellants seek review of the district court's dismissal of their suit for lack of standing. We VACATE the district court's order dismissing their suit, REMAND for further proceedings, and DIRECT the district court to grant the appellants an opportunity to amend their complaint.

I.

On May 27, 1994, the plaintiff/appellants, Michael K. Cook, Robert B. James, Dr. Beverly McMillan, and Eva T. Edl, filed a complaint in federal district court requesting an injunction against the Federal Freedom of Access to Clinic Entrances Act of 1994 (FACE) and a declaratory judgment defining the scope of FACE's applicability. The plaintiffs, whose complaint describes them as "pro-life demonstrators, sidewalk counselors and peaceful protestors," challenged FACE on the basis that it violates their rights under the First, Fifth, Eighth, Tenth, and Fourteenth Amendments of the United States Constitution. Specifically, FACE provides civil and criminal penalties for anyone who:

> by force or threat of force or by physical obstruction, intentionally injures, intimidates or interfere with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services....[1]

---

[1] 18 U.S.C.A. § 248(a) (West Supp.1995). The statute further defines certain terms as follows:

> (2) **Interfere with.**—The term "interfere with" means to restrict a person's freedom of movement.

The plaintiffs brought this suit to enjoin the enforcement of FACE against them and to obtain a declaratory judgment so that they may again protest in front of abortion clinics without fear of violating federal law.

The district court denied the plaintiffs' request for a preliminary injunction, finding that they did not have a substantial likelihood of success on the merits. Next, the government moved to dismiss the plaintiffs' suit for lack of standing. According to the government, the plaintiffs' complaint is carefully worded to refer only to peaceful, nonconfrontational activities. As a consequence of the complaint's meticulous wording, the government asserts that the plaintiffs fail to allege that they intend to participate in any activity that will violate FACE.

The district court, concurring with the government's reading of the plaintiffs' complaint and finding that FACE is constitutional, dismissed the plaintiffs' suit for lack of standing. The plaintiffs' appeal this ruling and ask this Court to reinstate their suit.

## II.

A question of standing raises the issue of whether the plaintiff " "is entitled to have the court decide the merits of the dispute or of particular issues' ".[2] Standing is a jurisdictional requirement[3] that "focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated".[4]

In the instant case, the district court held that:

> (3) **Intimidate.**—The term "intimidate" means to place a person in reasonable apprehension of bodily harm to him- or herself or to another.

> (4) **Physical obstruction.**—The term "physical obstruction" means rendering impassable ingress to or egress from a facility that provides reproductive health services ... or rendering passage to or from such a facility ... unreasonably difficult or hazardous.

*Id.* § 248(e)(2)-(4).

[2]*Allen v. Wright,* 468 U.S. 737, 751-52, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)).

[3]*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992).

[4]*Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968).

In its ruling ... denying Plaintiffs' motion for declaratory and injunctive relief, this [district] court examined the questions of the Act's constitutionality and breadth. At that time, this [district] court rejected all of Plaintiffs' constitutional challenges and found FACE narrowly tailored to its purpose of curbing violence without burdening freedom of speech. Given this ruling, it is apparent that Plaintiffs here cannot meet the requirements for standing in this pre-enforcement facial challenge to the Freedom of Access to Clinic Entrances Act.

The district court in effect found that the plaintiffs lacked standing because the court determined that the plaintiffs could not be successful on the merits. As stated by this Court in *Hanson,* the ultimate merits of the suit are not a consideration when deciding standing.[5] Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits. Accordingly, we vacate the judgment and remand this suit to the district court to allow the plaintiffs the opportunity to amend their complaint for reconsideration by the trial judge.

III.

The plaintiffs also request that we remand this case to a different trial judge. Unless there is evidence of bias by the district court judge, Courts of Appeals consider the following factors when deciding whether to remand to a different judge:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.[6]

In the instant case, the district judge is able, experienced, and of unquestioned integrity. We remand the case with confidence in the district judge's ability to decide to continue in the litigation or to have the case reassigned to a different judge upon remand.

IV.

The district court's judgment is VACATED and this suit is REMANDED for further proceedings after the plaintiffs have been provided with an opportunity to amend their complaint.

---

[5]*Hanson v. Veterans Admin.,* 800 F.2d 1381, 1385 (5th Cir.1986).

[6]*Simon v. City of Clute,* 825 F.2d 940, 944 (5th Cir.1987) (citations omitted).