Revised July 2, 2002

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

-----------------------

Nos. 02-40741 & 02-40742

-----------------------

In Re: DAIMLERCHRYSLER CORPORATION, formerly known as Chrysler Corporation;
FORD MOTOR COMPANY; GENERAL MOTORS CORPORATION,

Petitioners.

-----------------------
Petitions for Writ of Mandamus to the United States
District Court for the
Southern District of Texas, Galveston
-----------------------
June 14, 2002

Before JOLLY, JONES and STEWART, Circuit Judges.

BY THE COURT:

The petitioners, DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation (the "Auto Makers") sought writs of mandamus from this court, directing the district court to recall its remand orders. They also sought to have these cases and future friction products claims involving the petitioners assigned to a different district judge on remand. We granted the mandamus petitions and the request for reassignment. See In re: DaimlerChrysler Corp., Nos. 02-40741 & 02-40742 (5th Cir. May 31, 2002). We found these cases to be identical to five related cases we decided earlier this year, in which we directed the district court for the Northern District of Texas

to recall its remand orders. <u>See</u> <u>In Re: DaimlerChrysler Corp.</u>, Nos. 02-10029, 02-10034, 02-10035, 02-10036, 02-10037 (5th Cir. Mar. 13, 2002 (corrected)) ("<u>DaimlerChrysler I</u>"). In this opinion we provide our reasons for granting the mandamus petitions and for reassigning this and future friction product claims involving the petitioners to a different district judge.

I

We recognize that a writ of mandamus is an "extraordinary remedy." <u>Adams v. Georgia Gulf Corp.</u>, 237 F.3d 538, 542 (5th Cir. 2001). We will grant a writ of mandamus "only if the petitioner can show its right to the writ is clear and indisputable. Mandamus is appropriate when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." <u>In re Dresser Industries, Inc.</u>, 972 F.2d 540, 542-43 (5th Cir. 1992) (citations omitted).

The issues involved in these two cases are identical to those in <u>DaimlerChrysler I</u>, which we decided earlier this year. That is, a number of plaintiffs brought personal injury actions against the Auto Makers and others in state court, arising out of injuries allegedly caused by asbestos contained in "friction products" in the Auto Makers' automobiles. The Auto Makers removed the instant cases to federal court on April 18, 2002, on the ground that they are related to the bankruptcy proceedings of Federal-Mogul Global, Inc. (a supplier of automotive parts, including parts that contained asbestos), which are before the United States District Court for the District of Delaware ("the Delaware Court"). <u>See</u> <u>In Re: Federal-Mogul Global, Inc.</u>, No. 01-10578 (Bankr. D. Del.). In their Notice of Removal, the Auto Makers informed the district court of the proceedings in Delaware and their motion to transfer all related cases to Delaware. The Delaware Court previously issued a transfer order on December 10, 2001, transferring to itself all friction products claims against the

2

Auto Makers that are related to the bankruptcy proceedings. The Delaware Court expanded its order on January 3, 2002 to include cases removed to federal court after the December 10 transfer order. Although the Delaware Court found, on February 8, that the transferred cases are not "related" to the bankruptcy proceedings, should not be transferred to Delaware, and should be remanded to state court, this order is on appeal to the Third Circuit and the Third Circuit has stayed the order. See In Re: Federal-Mogul Global, Inc., No. 02-1426 (3d Cir., Feb. 11, 2002). We held in DaimlerChrysler I that because the Delaware Court had transferred the friction products cases to itself, the district court in Texas was bound by the transfer order of its sister federal court and the district court in Texas therefore did not have jurisdiction to remand these cases to state court. See DaimlerChrysler I at 4. We granted the mandamus petitions and directed that the remand orders be recalled.

Here, the district court purported to remand these two cases on May 10, 2002. In the remand order, the district court stated that our opinion in Arnold v. Garlock, 278 F.3d 426, 434-35 (5th Cir. 2001) supports the conclusion that these cases are not "related to" the bankruptcy proceedings in Delaware and that therefore there is no federal jurisdiction over them. However, in the cases consolidated in Garlock, the district courts ruled on the remand motions between November 9 and December 5, 2001. Id. at 432. This was prior to the entry of the Delaware Court's transfer order on December 10, and the district courts there clearly could not be bound by a transfer order that had not yet issued. Here the district court acted after the entry of the transfer order and is bound by that order. These cases are identical to the cases we decided in DaimlerChrysler I, and are controlled by that decision. It is for the Third Circuit to decide whether there is federal jurisdiction over these cases. We therefore grant the petitions for a writ of mandamus and direct that the remand orders be recalled.

3

The plaintiffs argue that these cases differ from those in <u>DaimlerChrysler I</u> because the Delaware Court has since ruled that it lacks subject matter jurisdiction over these claims, and that transfer of these cases to the Delaware Court should be denied and the cases should be remanded to state court. <u>See</u> <u>In re: Federal-Mogul Global, Inc.</u>, No. 01-10578 (Bankr. D. Del., Feb. 8, 2002). However, the Third Circuit has stayed the Delaware Court's order, pending appeal. <u>See</u> <u>In Re: Federal-Mogul Global, Inc.</u>, No. 02-1426 (3d Cir., Feb. 11, 2002). As we emphasized in <u>DaimlerChrysler I</u>, under <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 313 (1995), a federal court is bound by the proper orders of another federal court. The district court here is bound by the stay order of the Third Circuit. If the plaintiffs want to challenge whether there is "related to" bankruptcy jurisdiction over these cases, they must do so in the Delaware Court and the Third Circuit. <u>See</u> <u>Celotex</u>, 514 U.S. at 313.

The district court also granted the plaintiffs' motions for sanctions against the Auto Makers, and retained plenary jurisdiction over the case for the sole purpose of potentially imposing Federal Rule of Civil Procedure 11 sanctions against the Auto Makers and/or their attorneys. In <u>DaimlerChrysler I</u> we denied a motion by some of the plaintiffs for sanctions against the Auto Makers because we found the mandamus petition to be meritorious. Because the petitions here are meritorious, sanctions are not warranted. We vacate the district court's sanctions order, and remand with instructions to deny the plaintiffs' motions for sanctions.

II

Finally, the Auto Makers have asked that we direct the Chief Judge of the Southern District of Texas to reassign all pending and future friction products claims against the Auto Makers to a different district judge. We have the power, on remand, to reassign a case to another judge. <u>See</u>

4

Johnson v. Sawyer, 120 F.3d 1307, 1333 (5th Cir. 1997) (citing, in part, 28 U.S.C. § 2106 ("[A] court of appellate jurisdiction may . . . require such further proceedings to be had as may be just under the circumstances.")). However, this is an "extraordinary" power that is "rarely invoked." Id. (quoting In Re John H. McBryde, 117 F.3d 208, 228-29 (5th Cir. 1997)).

Other circuits have adopted two different tests to determine when a case should be reassigned to a different judge on remand. Our circuit has declined to decide which test we will use, and instead has employed both tests. Before the second test was adopted by some circuits, we cited to the original (first) test and applied it in our opinions. The first test, adopted by the Second, Sixth and Ninth Circuits, is as follows:

> Absent evidence of personal bias by the trial judge, appellate courts consider three factors in deciding whether to remand a case to a different judge: (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously- expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Simon v. City of Clute, 825 F.2d 940, 943-44 (5th Cir. 1987) (footnote omitted) (citing United States v. National Medical Enterprises, Inc., 792 F.2d 906, 914 (9th Cir.1986) (quoting United States v. Robin, 553 F.2d 8, 10 (2d Cir.1977) (en banc)); Bercheny v. Johnson, 633 F.2d 473, 476- 77 (6th Cir. 1980)). See also Cook v. Reno, 74 F.3d 97, 99 (5th Cir. 1996) (citing Clute and using this test). However, the District of Columbia, Third, and Eleventh Circuits have used a more lenient test. For example, the D.C. Circuit has said that it will invoke the reassignment power when the facts "might reasonably cause an objective observer to question [the judge's] impartiality." United States v. Microsoft Corp., 56 F.3d 1448, 1463 (D.C. Cir. 1995) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988)); see also Haines v. Liggett Group, Inc., 975 F.2d 81, 98 (3d Cir.

5

1992) (purpose of reassignment is "to avoid both bias and the appearance of bias"), United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir. 1989) ("Reassignment is appropriate where the trial judge has engaged in conduct that gives rise to the appearance of impropriety or a lack of impartiality in the mind of a reasonable member of the public.").

This circuit has since cited both tests and used them both in deciding questions of reassignment, while expressly declining to adopt one test or the other. See, e.g., United States v. Winters, 174 F.3d 478, 487-88 (5th Cir. 1999); Johnson, 120 F.3d at 1333. We find that both tests are met here.

We find it necessary to order this and subsequent cases reassigned because of the hostility demonstrated toward the defendants in the district court's response to the petitions for writ of mandamus. Although it is certainly true that the district court agreed to abide by any ruling that this court makes, the failure of the district court to address our earlier opinion on this matter, and the court's response to the mandamus petition, convinces us that, notwithstanding all good faith efforts on the part of the district court, it would be exceedingly difficult for the district court to regain some impartiality in this case.[1]

---

[1]For example, the district court stated in its response to these mandamus petitions:

It is obvious to this court that Defendants-Petitioners are utilizing their vast and potentially endless resources to manipulate the federal court system in an arrogant and remarkably callous attempt to *delay* these asbestosis lawsuits for as long as the courts will possibly allow . . . Defendants-Petitioners represent the three largest automobile manufacturers in the United States. In stark contrast, Plaintiffs are individuals who are seriously ill, some of whom are literally on their deathbeds, allegedly as a result of Defendants-Petitioners' conduct. Win or lose, Plaintiffs are entitled to closure on the claims that they aver have destroyed their lives. Notwithstanding these inequities, the Automobile Manufacturers have relentlessly employed the most manipulative and craven approach to litigation that this Court has ever witnessed. Drawing upon their enormous coffers, the Automobile Manufacturers have hired an elite force of lawyers,

6

III

In sum, these cases are identical to the previously-decided cases in <u>DaimlerChrysler I</u>. This is why we granted these petitions for a writ of mandamus, and directed the district court to recall its remand orders. This is also why we directed the Chief Judge of the Southern District of Texas to reassign these cases and all future friction product claims against petitioners to a different district judge. We further VACATE the district court's sanctions order, and remand with instructions to deny the plaintiffs' motions for sanctions.

Mandamus GRANTED; Sanctions VACATED; Cases ordered REASSIGNED.

Judge STEWART joins in this opinion only as it addresses the order of remand and sanctions. He

whose primary purpose appears to be dilatory, and who appear to believe that they can contravene the lucid mandates of the Fifth Circuit, and any other court for that matter, without any repercussions. Despite the Fifth Circuit's unambiguous and repeated holdings that subject matter jurisdiction is wanting over the nondebtor co-defendants' claims, the Automobile Manufacturers have persisted in removing and re-removing these otherwise nonremovable cases into federal district courts throughout this jurisdiction. Although the Automobile Manufacturers insist that a valid basis for removal exists, in fact each time torquing the law beyond recognition, these removals have clearly been initiated in bad faith. Defendants-Petitioners are attempting to bootstrap themselves into federal court by the thinnest and most pretextual veil of "related to" jurisdiction under any interpretation of the federal bankruptcy statutes . . .

Through their innumerable baseless appeals, request for stays and rehearings, and petitions for writ of mandamus, the Automobile Manufacturers have demonstrated their insufferable and insolent belief that they can utilize their interminable financial resources to employ a slew of dilatory tactics that will both physically and financially eviscerate Plaintiffs' lawsuits, and so severely drain the federal courts' resources as to coerce every federal judge in this country into kowtowing to their demands. If the Plaintiffs' bar attempted such obvious, heavy-handed and brazen tactics, they would be excoriated for forum shopping, judicial intimidation, and abuse of the legal system. Yet the well-heeled minions of the massive automobile manufacturers are certain they can act with such utter hubris, certain of impunity.

7

does not join in Part III of this opinion, which addresses the reassignment of these cases.