United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51338
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CULLEN REED HARRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:91-CR-43-2
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Cullen Reed Harris, federal prisoner # 01864-063, moves for leave to proceed in forma pauperis ("IFP") in his appeal from the district court's denial of his motion for a nunc pro tunc order challenging the sentences imposed following his convictions for conspiracy to manufacture more than 1,000 grams of methamphetamine and manufacturing more than 1,000 grams of methamphetamine. The district court denied Harris leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Harris is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).  However, Harris has not demonstrated any nonfrivolous ground for appeal.

Harris argues that the sentence enhancement he received pursuant to 21 U.S.C. § 841(b)(1)(A) was improper.  For the first time on appeal, he asserts that his sentence was void ab initio because 18 U.S.C. § 3553(b)(1) was held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).

This appeal is "from the denial of a meaningless, unauthorized motion."  See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).  We will not consider Harris's Booker claim because it was raised for the first time in an appeal from the denial of a collateral attack on his sentence.  See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).  Harris has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)."  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted).  Accordingly, the motion for leave to proceed IFP on appeal is DENIED and the appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Harris is WARNED that the filing or prosecution of frivolous appeals in the future will subject him to sanctions.  See FED. R. APP. P. 38; Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987).

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.