**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50326
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CULLEN REED HARRIS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:91-CR-43-2

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cullen Reed Harris, federal prisoner # 01864-063, was convicted of conspiracy to manufacture and manufacturing more than 1,000 grams of methamphetamine. He was sentenced to life imprisonment and ten years of supervised release on each count, the sentences to be served concurrently, and fined $25,000 on each count, for a total fine of $50,000. Harris seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for writ of audita querela seeking to remove the lien for the payment of the fine placed on the house owned by Harris and his wife. By moving for leave to proceed IFP, Harris is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

For the first time on appeal, Harris argues that the district court improperly delegated to the Bureau of Prisons (BOP) the authority to set the schedule of payments on his fine. He asserts that the fines on both counts should have run "concurrently" for a total fine of $25,000. He maintains that the lien on the house is imposing an undue hardship on his wife and should be removed in the interest of justice. Harris argues that a petition for writ of audita querela is the proper vehicle to raise his claims.

We do not consider Harris's claim based upon the BOP setting the schedule of payments because it is being raised for the first time in an appeal from the denial of a collateral challenge to a criminal judgment. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). Harris's claim that his fines should have been "concurrent" arose at the time the judgment was entered and, therefore, cannot be raised in an audita querela petition because it is not a "legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Harris's claim that the lien should be removed because of the hardship that it is causing his wife is not cognizable in a petition for audita querela because the claim raises an equitable defense to the judgment, not a legal defense. *See id.*

Harris has failed to raise any nonfrivolous issues for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Harris is WARNED that the filing or prosecution of frivolous appeals in the future will subject him to sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).