# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2010

No. 09-50932
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CULLEN REED HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:91-43-2

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cullen Reed Harris, federal prisoner # 01864-063, was convicted of conspiracy to manufacture more than 1,000 grams of methamphetamine and manufacturing more than 1,000 grams of methamphetamine. He was sentenced to life imprisonment and ten years of supervised release on each count, the sentences to be served concurrently, and fined $25,000 on each count, for a total fine of $50,000. Harris seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his "Motion to Recover Stolen Moneys" in which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he sought the return of an alleged overpayment on his fine and the vacatur of one of his convictions on the ground that the indictment was duplicitous. By seeking leave to proceed IFP, Harris is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Harris argues that the indictment was duplicitous because both of his convictions were for the same conduct, making one of his $25,000 fines and one of his $50 special assessments improper. This claim is a challenge to his convictions and sentences, and it could only have been properly raised under § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). The district court, however, did not have jurisdiction to construe Harris's motion as a § 2255 motion because Harris had previously filed a § 2255 motion and had not received permission from this court to file a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

Harris argues that the Government collected $275 more than he owed on his fines. This claim is a challenge to the manner and execution of the collection of his fines, not a challenge to any action taken by the district court. A claim challenging the manner and execution of the collection of a fine should be brought in a habeas corpus petition under 28 U.S.C. § 2241 because the claim is a claim challenging the execution of a sentence. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009). As Harris is serving his sentence in Tennessee, outside the jurisdiction of the district court, the district court did not have jurisdiction to consider this claim. *See id.* at 320.

The district court did not have jurisdiction to consider either of Harris's claims, and this appeal is thus "from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Harris has failed to raise any nonfrivolous issues for appeal. *See Howard v. King*, 707 F.2d

215, 220 (5th Cir. 1983).   The IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

This court previously warned Harris that the filing of further frivolous appeals would invite the imposition of sanctions.  *See United States v. Harris*, 310 F. App'x 705, 707 (5th Cir. 2009); *United States v. Harris*, No. 04-51338, slip op. at 2 (5th Cir. Dec. 14, 2005) (unpublished).  Nevertheless, Harris has filed the present frivolous appeal.  Accordingly, Harris is ORDERED to pay a sanction in the amount of $275 to the Clerk of this Court.  Harris is BARRED from filing in this court or in any court subject to this court's jurisdiction any appeal or any challenge to his conviction or sentence until the sanction is paid in full without first obtaining the permission of the forum court.  Harris is CAUTIONED that filing any future frivolous appeals or challenges to his conviction or sentence in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.