**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

No. 11-20259
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROQUE URDIALES GARCIA, Also Known as El Profe, Also Known as Roberto,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:89-CR-232-3

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roque Garcia, federal prisoner # 49905-079, appeals the denial of his motion for writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a). He con-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tends that the district court erred in not making findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure to allow this court to review the decision. He also asserts that the court should have vacated the sentences imposed for his three vacated conspiracy convictions because it was without jurisdiction to impose them.

Although the district court did not address its jurisdiction, we must consider it, *sua sponte* if necessary. *See EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 467 (5th Cir. 2009). Garcia was not entitled to relief through a motion for a writ of error *coram nobis*, because he is still in custody. *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). Because he is challenging his federal sentence, the district court should have construed his motion as a 28 U.S.C. § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). That court lacked jurisdiction to do so, however, because Garcia had previously filed a § 2255 motion, and this court had not authorized the filing of a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Harris*, 388 F. App'x 385, 386 (5th Cir. 2010); 28 U.S.C. § 2244(b)(3)(A). Garcia's appeal is "from the denial of a meaningless, unauthorized motion." *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (per curiam).

Therefore, the judgment is VACATED, and a judgment of dismissal for want of jurisdiction is RENDERED. Garcia's motion to remand for findings of fact and conclusions of law is DENIED.