# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30510
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN B. BOUTTE, also known as Mark Bradley,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CR-70-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Melvin B. Boutte, pro se federal prisoner # 13611-035, appeals the district court's denial of his motion for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). Boutte is serving a 120-month sentence of imprisonment imposed following his 2009 guilty plea to possession with intent to distribute cocaine base and carrying a firearm during and in relation to a drug trafficking crime. According to Boutte, his conduct did not meet the 18 U.S.C. § 924(c)(1)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

definition of carrying a firearm during and in relation to a drug trafficking offense because the weapon was not used in furtherance of the drug offense. Therefore, he contends, the district court violated his constitutional right to due process by accepting his plea to the charge.

Although the district court did not address its jurisdiction, this court must consider the basis of the district court's jurisdiction sua sponte if necessary. *See EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 467 (5th Cir. 2009). Boutte was not entitled to relief through a motion for a writ of error coram nobis because he is still in custody. *See United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). Because he is challenging his federal sentence, the district court should have construed his motion as a 28 U.S.C. § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The district court, however, lacked jurisdiction to do so because Boutte previously filed a § 2255 motion, and this court did not authorize the filing of a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Harris*, 388 F. App'x 385, 386 (5th Cir. 2010); 28 U.S.C. § 2244(b)(3)(A). Boutte's appeal is thus "from the denial of a meaningless, unauthorized motion." *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Therefore, the district court's judgment is AFFIRMED on the ground that the district court lacked jurisdiction over the motion. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).