# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2021

Lyle W. Cayce
Clerk

No. 20-20370
Summary Calendar

---

Anastasiia Ermuraki; Aurel Ermuraki,

*Plaintiffs—Appellants*,

*versus*

Kenneth T. Cuccinelli, USCIS Director; David Pekoske,
DHS Secretary; Tony L. Bryson, USCIS District
Director; Wallace L. Carroll, Houston USCIS,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4169

---

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiffs-Appellants Anastasiia and Aurel Ermuraki filed suit in the district court to challenge the United States Citizenship and Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20370

Services' ("USCIS") denial of their application to adjust their immigration status to lawful permanent residents under the diversity visa program. Upon the motion of Defendants-Appellees ("the Government"), the district court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Because we hold this case was moot prior to the entry of the district court's final judgment, we VACATE the judgment and DISMISS the case.

I

As part of USCIS' selection process, the Ermurakis—who are husband and wife—were randomly invited to apply to the diversity visa lottery program for the fiscal year ending on September 30, 2019. *See* 8 U.S.C. § 1153(c), (e)(2). They submitted their status adjustment application on October 9, 2018. On April 17, 2019, USCIS denied their application because it found the Ermurakis did not have lawful immigration status at the time they submitted their application, as required by statute. *See* 8 U.S.C. § 1255(c)(2).

On May 20, 2019, the Ermurakis filed what they describe as a motion to reconsider[1] with USCIS. On September 23, 2019, USCIS denied the motion. Counsel for the Ermurakis received notice of this denial three days later, on September 26, 2019. Approximately one month later, on October 24, 2019, the Ermurakis filed their initial underlying complaint in the district court, beginning this action.

After the Ermurakis filed an amended complaint, the Government moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil

---

[1] USCIS treated the motion as a motion to reopen. Because we dismiss this case on jurisdictional grounds, we need not decide whether the motion was properly treated as a motion to reopen.

No. 20-20370

Procedure 12(b)(6). In its motion, the Government also asserted what the district court understood to be an argument that the case was moot. By law, diversity visas must be awarded before midnight on the last day of the fiscal year for which an applicant was selected to apply. 8 U.S.C. § 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(f). Because the fiscal year for the Ermurakis' application ended on September 30, 2019, and because they did not file their complaint until October 24, 2019, the Government argued that the Ermurakis' requested relief was no longer available.

In its decision granting the Government's motion, the district court acknowledged the mootness argument but stated that it "need not rule on this basis as it finds the Government's position on the substantive issues to be meritorious."

II

Generally speaking, a court cannot assume that it has jurisdiction and proceed to resolve a case on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996) ("Before ruling on the merits of the case, it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits."); *but cf. Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (describing that in certain circumstances where disputed issues of fact are central both to a jurisdictional attack and the claim on the merits, courts should assume jurisdiction and resolve the factual issue on the merits in a 12(b)(6) or Rule 56 posture, rather than a 12(b)(1) posture). And "[i]t is well-settled, that mootness is a threshold jurisdictional inquiry." *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004). Thus, "[a]lthough the district court did not address its jurisdiction, this court must consider the basis of the district court's jurisdiction sua sponte if necessary." *United*

3

*States v. Boutte*, 627 F. App'x 378, 378 (5th Cir. 2015) (per curiam) (unpublished) (citing *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009)).

"In general, a claim becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *La. Env't*, 382 F.3d at 581 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). Therefore, "[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir 2013).

This court has not yet addressed whether a claim challenging the denial of a diversity visa status adjustment application becomes moot after the relevant fiscal year expires. Our sister circuits, however, have overwhelmingly concluded that such a circumstance does moot the claim. *See, e.g.*, *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003) (holding that the plaintiff's claim challenging the denial of his diversity visa application was moot after the fiscal year expired because the district court could no longer provide meaningful relief); *Coraggioso v. Ashcroft*, 355 F.3d 730, 734 (3d Cir. 2004) (same); *Mohamed v. Gonzales*, 436 F.3d 79, 80-81 (2d Cir. 2006) (same); *Mwasaru v. Napolitano*, 619 F.3d 545, 551 (6th Cir. 2010) (same); *see also Zixiang Li v. Kerry*, 710 F.3d 995, 1002 (9th Cir. 2013) (reaching the same conclusion in dicta); *Iddir v. INS*, 301 F.3d 492, 501 (7th Cir. 2002) (Flaum, J., concurring) (same).[2]

---

[2] The D.C. Circuit has applied a limited exception to the generally agreed upon mootness framework for diversity visas. It has held that when a plaintiff files suit and the district court grants *some* relief—but not the visa—before the end of the fiscal year, the claim is not moot. *Almaqrami v. Pompeo*, 933 F.3d 774, 780 (D.C. Cir. 2019). That situation is not presented here and thus we do not weigh in on the validity of this exception.

No. 20-20370

The Ermurakis have not responded to the Government's mootness argument. We find the reasoning of our sister circuits persuasive and are satisfied that under the facts of this particular case, the Ermurakis' claim was moot at the time they filed their initial complaint.

## III

Because the Ermurakis' claim was moot prior to the entry of the district court's final judgment, we VACATE the judgment and direct that this case be DISMISSED. *Goldin v. Bartholow*, 166 F.3d 710, 718 (5th Cir. 1999) ("If mootness occurred prior to the rendering of final judgment by the district court, *vacatur* and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment, and we cannot leave undisturbed a decision that lacked jurisdiction." (citing *Iron Arrow Honor Soc. v. Heckler*, 464 U.S. 67, 72-73 (1983))).